VODRIE v. SCHOEDINGER.          (No. 5534.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1915. Rehearing Denied Dec. 1, 1915.)

GUARANTY ⊂⇒4, 76—CONTRACT OF GUARANTY —CONSTRUCTION—ESTOPPEL.

A contract by which material is sold on the order of one party, payment for which is guaranteed by another party, is a contract of guaranty, in spite of an agreement on the part of the guarantor to withhold from funds due the buyer the amount guaranteed; and the buyer is personally liable, even though the guarantor, having withheld the sum, fails to pay to the seller, and the seller is not estopped by acceptance of the guaranty to sue the buyer.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 3–6, 86; Dec. Dig. ⊂⇒4, 76.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by F. O. Schoedinger against H. B. Vodrie and others. From judgment for plaintiff, defendant Vodrie appeals. Affirmed.

O. M. Fitzhugh, of San Antonio, for appellant. Wm. Aubrey and H. M. Aubrey, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant and the firm of Waits & Graham for a balance due on a bill of material alleged to

have been sold Vodrie at the special instance and request of all of the defendants, all of whom promised to pay the sum charged therefor. The material was to be used by Vodrie in fulfilling his contract with Waits & Graham to install certain, metal work in a building being erected by Waits & Graham as contractors. Waits & Graham made no defense. Vodrie pleaded that the goods were not shipped on his order, but on an order by Waits & Graham; that he received no benefit from the use of said material, and assumed no liability to pay for same; that previous to its being shipped plaintiff demanded and received an order and guaranty of payment for said material signed by Waits & Graham, but not signed by Vodrie, and that said guaranty of payment provided that, if the material was not paid for within 30 days after the date of invoice for same, said Waits & Graham would retain from the amount due by them to Vodrie, under his subcontract on said building, enough to cover the amount due plaintiff for said material; that said material was not paid for within 30 days after date of invoice, and that Waits & Graham did retain, from the amount due by them to Vodrie, enough to cover plaintiff's claim; and by reason of these facts Vodrie claimed he was not liable to plaintiff.

Judgment was rendered in favor of plaintiff against all defendants, and Vodrie was given judgment over against Waits & Graham. Appellant contends that such judgment is erroneous upon two grounds. His first contention is that he was not primarily and personally liable for the purchase price of the material; and the second is that, if he was liable, then he was relieved of such liability by reason of the fact that Waits & Graham withheld out of money due appellant sufficient to pay the bill, and that, as this was done at appellee's demand, appellee is estopped from asserting that there is any further liability on the part of appellant.

Appellant's first contention is not sustained by the evidence, which amply sustains a finding that the goods were sold upon an order by appellant. The instrument signed by Waits & Graham shows on its face that the debt is primarily that of Vodrie, and that Waits & Graham guarantee the payment thereof. It is true that in addition they agree that, if the material was not paid for by Vodrie within 30 days after date of invoice, they would. retain from Vodrie's contract the sum of $438 and forward it at once. Waits & Graham retained sufficient money out of the amount due Vodrie to pay the balance due, but never paid the money to Schoedinger. We do not think that Vodrie is released from liability because of the failure of Waits & Graham to comply with their contract of guaranty. There is nothing in the instrument which makes the firm of Waits & Graham the agent of Schoedinger,

but there is a contract by such firm as guarantor binding it to do certain things. They failed to comply with their agreement. Vodric assented to the contract of guaranty by using it. Schoedinger exacted of Vodrie that he should not only procure the contractors to guarantee the payment of the bill, but that he should virtually assign to such contractors a portion of his claim against them, so that they could make good their guaranty without having to resort to their own funds, provided he did not pay within 30 days. If he was unwilling to risk compliance by his guarantors with their agreement, he could have refrained from availing himself of that method of procuring the material. We do not think there is any element of estoppel in the case.

The judgment is affirmed.